

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **PETER J. RUSH, Individually and on Behalf of All Others Similarly Situated, et al.,** ) ) ) ) | |
| **Plaintiffs,** ) ) | |
| **v.** ) ) | **Case No.: 2:12-CV-281-VEH** |
| **WALTER ENERGY, INC., KEITH CALDER, WALTER J. SCHELLER, and NEIL WINKELMANN,** ) ) ) ) ) ) | |
| **Defendants.** ) ) | |
| **MICHAEL CARNEY, Individually and on Behalf of All Others Similarly Situated,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| **v.** ) ) | **Case No.: 2:12-CV-829-VEH** |
| **WALTER ENERGY, INC., et al.** ) ) ) | |
| **Defendants.** ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

### I.    Introduction

Plaintiff Peter Rush ("Mr. Rush") initiated this securities fraud litigation (the

"*Rush* Action") against Defendants on January 27, 2012.  (Doc. 1).  Pursuant to the parties' stipulation, on June 6, 2012, the Government of Bermuda Contributory and Public Service Superannuation Pension  Plans and Stephen C. Beaulieu, as Trustee of the Stephen C. Beaulieu Revocable Trust (the "Pension Plans and Beaulieu Revocable Trust") became the lead plaintiffs in the *Rush* Action.  (Doc. 25).  On August 20, 2012, an amended complaint was filed which consolidated *Michael Carney, et al. v. Walter Energy, Inc., et al.*, 2-12-CV-829-VEH (the "*Carney* Action") with the *Rush* Action.  (Doc. 35).[1]

Pending before the court are Defendants' Motion To Dismiss (Doc. 41) filed on October 4, 2012, in the lead *Rush* Action and an identical Motion To Dismiss (Doc. 33) filed in the member *Carney* Action on that same date.[2]  Both Motions To Dismiss have been fully briefed.  (*See* Docs. 43-46, 50 filed in *Rush* Action; Docs. 35-38, 42 filed in *Carney* Action).   For the reasons explained below, the Motions To Dismiss the consolidated amended class action complaint are **DENIED WITHOUT PREJUDICE**.

---

[1]  Plaintiffs filed this amended consolidate class action complaint in the *Rush* Action only.

[2]  Also pending in the *Rush* and *Carney* Actions are several requests to present oral argument. (Docs. 42, 47 (filed in the *Rush* Action); Docs. 34, 39 (filed in the *Carney* Action)).

## II.     Standard

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6).   The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47).   However at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).   "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950.   "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950.   "When there are well-pleaded factual allegations, a court

3

should assume their veracity and then determine <u>whether they plausibly give rise to an entitlement to relief</u>." *Id.* (emphasis added).  "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

## III.   Analysis

In their lawsuit, Plaintiffs primarily claim that Defendants have violated § 10(b) the Securities Exchange Act  of 1934 (the "Act").  (Doc. 35 at 74-77).[3]  Such an implied statutory cause of action typically consists of the following *prima facie* elements:

> (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation.

*Stoneridge Inv. Partners, LLC v. Scientific-Atlanta*, 552 U.S. 148, 157, 128 S. Ct.

---

[3]  The referenced page numbers correspond with the court's electronic numbering system generated under CM/ECF.

761, 768, 169 L. Ed. 2d 627 (2008) (citing *Dura Pharmaceuticals, Inc. v. Broudo*,

544 U.S. 336, 341–342, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005)); *see Edward J.*

*Goodman Life Income Trust v. Jabil Circuit*, 594 F.3d 783, 789 (11th Cir. 2010)

(same).

Plaintiffs also assert a violation of § 20(a) of the Act.  (Doc. 35 at 77-79).

Defendants maintain that the viability of Plaintiffs' § 20(a) claim is contingent upon

the actionable nature of their § 10(b) count.  (Doc. 43 at 3 ("Plaintiffs' Section 20(a)

claim fails as a matter of law because it is entirely derivative of their defective

Section 10(b) claim.")).  The gravamen of Defendants' Motions To Dismiss is that

"[n]one of Plaintiffs' claims is well-pleaded."  (Doc. 43 at 6).

As a preliminary matter in opposition, Plaintiffs point out that, from a

procedural standpoint, Defendants have relied upon the declaration of Jay M. Ezelle

and the materials attached thereto in challenging the sufficiency of Plaintiffs'

allegations included in their consolidated amended class action complaint.  (*See, e.g.*,

Doc. 44; Docs. 44-1– 44-17).

Pursuant to Rule 12(d):

If, on a motion under Rule 12(b)(6) or 12(c), matters outside the
pleadings are presented to and not excluded by the court, the motion
must be treated as one for summary judgment under Rule 56.  All parties
must be given a reasonable opportunity to present all the material that
is pertinent to the motion.

Fed. R. Civ. P. 12(d) (emphasis added). "The court has discretion as to whether to accept material beyond the pleading that is offered in conjunction with a 12(b)(6) motion. However, once the court decides to accept matters outside the pleading, it must convert the motion to dismiss into one for summary judgment." *Property Management & Investments, Inc. v. Lewis*, 752 F.2d 599, 604 (11th Cir. 1985) (citation omitted).

Defendants have replied that the court is not obligated to convert their Motions To Dismiss to ones for summary judgment because the authenticity of the outside documents that they have included in the record is not genuinely disputed by Plaintiffs. (*See, e.g.*, Doc. 50 at 6 n.2). In presenting this position, the court observes that Defendants do not mention, much less address, the other prong of that test, *i.e.*, are these extrinsic documents "central" to Plaintiffs' claims? *See Speaker v. U.S. Dept. of Health and Human Services*, 623 F.3d 1371, 1379-80 (11th Cir. 2010) ("Because the materials relied upon by the district court are not disputed (at least at this juncture), <u>and because they are central to Plaintiff's claim</u>, we similarly incorporate their contents to determine whether Speaker has alleged sufficient facts to state a claim under the Privacy Act.") (footnote omitted) (emphasis added).

Additionally, Defendants have not undergone a separate analysis of each document offered and instead categorically maintain that they all are appropriately

part of a Rule 12(b)(6) record and do not trigger Rule 12(d)'s mandatory conversion requirement.  Defendants' lack of a detailed and thorough approach to this issue means that, as the movants, Defendants have not persuaded this court that a Rule 12(d) conversion is unnecessary in this instance.

In opposing the 12(b)(6) dismissal of their consolidated lawsuit, Plaintiffs similarly have asked the court to examine extrinsic information.  (*See, e.g.*, Doc. 46; Docs. 46-1 – 46-5).  Under such circumstances, the court believes that the prudent course of action is to deny both Motions To Dismiss without prejudice to Defendants' right to file a preliminary motion for summary judgment in the lead *Rush* Action (which will likewise apply in the consolidated *Carney* Action) that is in compliance with Appendix II of the court's uniform initial order (Doc. 3), no later than February 18, 2013.  Alternatively, Defendants should answer the consolidated amended class action complaint no later than February 18, 2013.

If Defendants do elect to file a Rule 56 motion, then the court will allow Plaintiffs the option to respond (under the time period applicable to filing an opposition under Appendix II) with Rule 56(f) affidavit(s) regarding any areas of discovery that they believe are essential to conduct before they may reasonably respond to the arguments presented on summary judgment.  (*See* Doc. 45 at 7 (suggesting that if the court elects to convert under Rule 12(d), then it should likewise

7

provide Plaintiffs "with a reasonable opportunity to take discovery")); *see also Reflectone, Inc. v. Farrand Optical Co., Inc.*, 862 F.2d 841, 843 (11th Cir. 1989) ("The party seeking to use [R]ule 56(f) 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts,' but rather he must specifically demonstrate 'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" (citing *Wallace v. Brownell Pontiac–GMC Co.*, 703 F.2d 525, 527 (11th Cir. 1983))).  In such affidavit(s), Plaintiffs also should indicate how long they believe the requested discovery will take to complete.

If the consolidated cases proceed along the Rule 56(f) path, then the court will separately establish deadlines for Defendants to respond and for Plaintiffs to reply to the Rule 56(f) issues.  If the court permits Plaintiffs to conduct limited discovery under the Rule 56(f) standard, then it also will establish a time period for that process to be completed as well as the deadlines for the parties to finish their summary judgment briefing.

If the cases proceed without Plaintiffs' interposing of a Rue 56(f) affidavit, then the parties should simply adhere to the schedule and other requirements of Appendix II.

**IV.     Conclusion**

Accordingly, the Motions To Dismiss are **DENIED WITHOUT PREJUDICE**

to the rights of Defendants and Plaintiffs as set forth herein.   Further, all requests to

present oral argument are **TERMED** as **MOOT**.

**DONE** and **ORDERED** this 29th day of January, 2013.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

9