FILED
2014 Mar-18 PM 12:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| PETER J. RUSH, Individually and on Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>WALTER ENERGY, INC., KEITH CALDER, WALTER J. SCHELLER, and NEIL WINKELMANN, )<br><br>Defendants. )<br><br>MICHAEL CARNEY, Individually and on Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>WALTER ENERGY, INC., et al. )<br><br>Defendants. ) | Case No.: 2:12-CV-281-VEH<br><br><br><br><br><br><br><br><br><br><br><br><br>Case No.: 2:12-CV-829-VEH |

## **ORDER**

This federal securities action originated on January 27, 2012. (Doc. 1). On August 20, 2012, Plaintiffs filed an amended consolidated class action complaint.

(Doc. 35).

Pending before the court is Plaintiffs' Notice of Motion and Motion for Class Certification (Doc. 58) (the "Motion") filed on August 15, 2013. While this Motion was pending, the parties sought and, on September 12, 2013, the court granted their joint request to stay the action while they attempted to settle their dispute. (Doc. 62).

As a resolution was not reached, the stay was lifted and Defendants opposed the Motion on February 19, 2014. (Doc. 72).[1] Plaintiffs followed with their reply on March 17, 2014. (Doc. 75).[2]

In opposing the Motion, Defendants contend that the court should stay any ruling on class certification until the Supreme Court has decided *Halliburton Co. v. Erica P. John Fund, Inc.* ("*Halliburton II*"), 134 S. Ct. 636, 187 L. Ed. 2d 415, (petition for *certiorari* granted on November 15, 2013) and either keeps, rejects, or modifies its prior fraud-on-the-market analysis reached in *Basic Inc. v. Levinson*, 485 U.S. 224, 108 S. Ct. 978, 99 L. Ed. 2d 194 (1988). (Doc. 72 at 23-27). Plaintiffs' Motion is tied to the fraud-on-the-market approach approved in *Basic*.

---

[1] All page references to Doc. 72 correspond with the court's CM/ECF numbering system.

[2] All page references to Doc. 75 correspond with the court's CM/ECF numbering system.

Regarding orders to stay:

> The general rule is well settled that, '* * * the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.' *Landis v. North American Co.*, 1936, 299 U.S. 248, 254, 255, 57 S. Ct. 163, 81 L. Ed. 153.

*Nelson v. Grooms*, 307 F.2d 76, 78 (5th Cir. 1962).[3]

While Plaintiffs, in their reply, oppose a second order staying the case, they devote less than one page of argument to this resistance, cite to no on-point (*i.e.*, stay-related) authorities, and fail to articulate how their interests would be prejudiced, much less appreciably so, by a stay:

> The Court should not postpone adjudicating the Motion until after the Supreme Court decides *Halliburton II* for at least three reasons. *First*, defendants jointly proposed the current schedule to this Court after the Supreme Court granted *certiorari* in *Halliburton II* on November 15, 2013, and defendants articulate no basis for abandoning their prior agreement. *Second*, on January 31, 2014, defendants deposed Plaintiffs' market efficiency expert, Dr. Steven P. Feinstein, and now concede that Plaintiffs have demonstrated that the Class: (i) is entitled to invoke the classwide presumption of reliance under *Basic v. Levinson*; and (ii) satisfies Rule 23(b)(3)'s predominance requirement. *Finally*, the Court can revisit class certification at any time before final judgment to address changes, if any, to the means by which Plaintiffs may satisfy the reliance element of their § 10(b) misrepresentations

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

claims.

(Doc. 75 at 14 (citations omitted)).

Because it appears very likely that *Halliburton II* will, at a minimum, significantly impact how a district court should apply the *Basic* fraud-on-the-market presumption going forward, the court concludes, consistent with its inherent powers to manage its docket in an efficient manner as well as the persuasive authorities cited by Defendants in their opposition to the Motion, that postponing a Rule 23 review of this litigation is appropriate under the circumstances. In particular, the court finds that the interests of justice and judicial efficiency will be served by such a stay and similarly determines that these interests outweigh any prejudice caused to Plaintiffs on account of a delay driven by the Supreme Court's intervening *certiorari* powers.

Accordingly, this consolidated litigation is **HEREBY STAYED** pending a decision by the Supreme Court in *Halliburton II*. Further, Plaintiffs' Motion is **DENIED WITHOUT PREJUDICE** to refiling and rebriefing it post-*Halliburton II*.

Within sixty days of a decision on *certiorari* issued in *Halliburton II*, the parties are **HEREBY ORDERED** to file a joint motion requesting that the stay be lifted. Finally, if Plaintiffs desire to file a second motion for class certification, then, within sixty days of the opinion issued in *Halliburton II*, the parties also are **HEREBY ORDERED** to submit a jointly proposed briefing schedule on this second

motion to the court via chambers email (hopkins_chambers@alnd.uscourts.gov).

**DONE** and **ORDERED** this the 18th day of March, 2014.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge