FILED
2016 Apr-25 PM 06:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In re WALTER ENERGY, INC. SECURITIES LITIGATION | Master File No. 2:12-cv-00281-VEH<br><br>CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | |

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION

Court-appointed Lead Plaintiffs, the Government of Bermuda Contributory and Public Service Superannuation Pension Plans and Stephen C. Beaulieu, as Trustee of the Stephen C. Beaulieu Revocable Trust, and their counsel respectfully submit this reply memorandum in further support of Lead Plaintiffs' motion for final approval of the proposed $25 million Settlement of this class action and approval of the proposed plan for allocating the net settlement proceeds to the Settlement Class (Dkt. No. 125).[1]

## I. THE SETTLEMENT CLASS' REACTION TO THE SETTLEMENT IS POSITIVE

The Settlement Class' response to all aspects of the Settlement has been overwhelmingly positive. The Court-approved Notice of Pendency and Proposed Settlement of Class Action ("Notice") was mailed to over 93,000 potential Settlement Class Members and nominees,[2] and the deadline to file objections or to request exclusion from the Settlement Class was March 11, 2016. In response to this comprehensive Court-approved notification process, not one Settlement Class Member has objected to the $25 million Settlement[3] or the Plan of Allocation, and only three individuals have opted out. The absence of any meaningful objection to the

---

[1] Unless otherwise noted, all capitalized terms used herein are defined in the Stipulation and Agreement of Settlement, dated July 15, 2015. Dkt. No. 118.

[2] *See* Supplemental Declaration of Ryan Kao Regarding Notice Dissemination and Report on Requests for Exclusion Received ("Supp. Kao Decl."), submitted herewith, ¶3. In addition to dissemination of the Notice, the Summary Notice was published in *Investor's Business Daily* and transmitted over *PR Newswire*, and important documents related to the Settlement, including the Notice, were made available on the Settlement website, www.walterenergysecuritieslitigation.com. *See* Declaration of Ryan Kao Regarding Notice Dissemination, Publication and Report on Requests for Exclusion Received to Date previously filed with the Court on January 15, 2016 (Dkt. No. 132).

[3] One objection to the Settlement was received by Lead Counsel, but, as detailed below, the objector is not a Settlement Class Member because he did not purchase or otherwise acquire Walter Energy, Inc. publicly traded common stock during the Settlement Class Period, and therefore lacks standing to object to the Settlement.

Settlement is powerful confirmation that the Settlement Class believes the Settlement is an outstanding result. *See Camp v. City of Pelham*, No. 2:10-cv-01270-MHH, 2014 U.S. Dist. LEXIS 60496, at *11 (N.D. Ala. May 1, 2014) ("The lack of objections 'points to the reasonableness of [the] proposed settlement and supports its approval.'") (citation omitted); *see also Braynen v. Nationstar Mortg., LLC*, No. 14-CV-20726-GOODMAN, 2015 U.S. Dist. LEXIS 151744, at *20 (S.D. Fla. Nov. 9, 2015) (in settlement where over 380,000 notices were mailed, "it would be no surprise if a settlement produced numerous objections and exclusions").[4]

## II. THE LONE OBJECTION BY A NON-SETTLEMENT CLASS MEMBER SHOULD BE OVERRULED

In response to the extensive Court-approved notice program, not a single Settlement Class Member has objected to any aspect of this Settlement. As detailed in Lead Plaintiffs' and Lead Counsel's opening memoranda and supporting declarations (Dkt. Nos. 125-135) (the "Opening Papers"), there were significant risks to proceeding with litigation, not the least of which was Walter Energy's deteriorating financial condition during the course of the litigation and its ultimate bankruptcy filing in July 2015.

Out of the more than 93,000 potential Settlement Class Members and nominees that were mailed the Notice, Lead Counsel received just one letter from Paul Merritt [Christiansen], objecting to the Settlement only to the extent that the Settlement Class Period ends on September 21, 2011, and not on some later date (Mr. Merritt does not specify when he believes the Settlement Class Period should end). *See* Objection at 2-

[4] No objections to Lead Counsel's application for an award of attorneys' fees and expenses have been received.

4 (Dkt. No. 137). Mr. Merritt's letter, however, confirms that he is not a Settlement Class Member as he apparently purchased his Walter Energy shares on November 15, 2011 – after the end of the Settlement Class Period, and wants to object because he is unable to take part in the Settlement himself. *See id.* at 1-2.[5] Mr. Merritt also complains that he never received individual notice of the Settlement. *Id.* at 2. This is not surprising, as he is not a member of the Settlement Class, and would not have received mailed notice of the Settlement.[6]

Regardless of Mr. Merritt's assertions, however, his objection should be overruled because he is not a member of the Settlement Class and, therefore, has no standing to object to the Settlement. *See, e.g.*, *Braynen*, 2015 U.S. Dist. LEXIS 151744, at *36 (rejecting an objection filed by individual who was not a member of the Class on standing grounds, finding that "[o]nly a 'class member' may object to a propose[d] class settlement"); *In re Healthsouth Corp. Sec. Litig.*, No. CV-03-BE-1500-S, 2010 U.S. Dist. LEXIS 146529, at *8 (N.D. Ala. July 20, 2010) ("Because Benjamin is not a member of the class in this suit against UBS, he lacks standing to complain about a settlement that will not affect him."); *Ass'n for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 473 (S.D. Fla. 2002) ("Under Fed. R. Civ. P. 23(e), non-class members are not permitted to assert objections to a class action settlement."); *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989) ("The plain

5 Mr. Merritt also apparently purchased additional Walter Energy shares in November 2013. Objection, Ex. 2.

6 Notice of the Pendency of the litigation was provided pursuant to the early notice provisions of the Private Securities Litigation Reform Act of 1995 on January 26, 2012. That notice clearly states that the Class Period ended on September 21, 2011, as does the Consolidated Amended Class Action Complaint filed on August 20, 2012 (Dkt. No. 35).

language of Rule 23(e) clearly contemplates allowing only class members to object to settlement proposals. . . . We hold, therefore, that non-class members have no standing to object, pursuant to a Rule 23(e) notice directed to class members, to a proposed class settlement.").

Because Mr. Merritt is not a member of the Settlement Class, he will suffer no prejudice from the approval of this Settlement, as he retains his right to pursue claims, to the extent they exist and are not time-barred, against the Defendants for conduct that occurred outside of the Settlement Class Period. Those claims are not being released by this Settlement, and are preserved if Mr. Merritt wishes to pursue them.

Even if the Court were to consider the contentions in Mr. Merritt's objection, it should be overruled. First, the Settlement Class Period has been investigated, established and litigated since the inception of this case in 2012. Lead Counsel's pre-filing investigation and litigation efforts resulted in a determination that the Settlement Class Period was the proper one for the claims alleged by Lead Plaintiffs. The allegedly fraudulent conduct was fully revealed by September 21, 2011. There were no factual grounds for the class period to be extended with respect to Lead Plaintiffs' allegations. Therefore, Mr. Merritt's request that the Court order that the Settlement Class Period be extended to include the period in which he purchased his Walter Energy common stock should be denied.

## III. CONCLUSION

The lone objection filed by Mr. Merritt should be disregarded, as he is not a Settlement Class Member and, therefore, lacks standing to object. Moreover, Mr. Merritt provides no persuasive reason for the Court to extend the Settlement Class

Period and/or reject the Settlement and Plan of Allocation as fair, reasonable and adequate. Therefore, the Court should overrule Mr. Merritt's objection in its entirety.

For the reasons set forth herein and in Lead Plaintiffs' and Lead Counsel's Opening Papers, the Court should approve the Settlement and Plan of Allocation as fair, reasonable and adequate. In addition, Lead Counsel's request for attorney' fees and litigation expenses, including reimbursement of Lead Plaintiffs' expenses also warrants the Court's approval. Proposed orders approving these requests are submitted concurrently herewith.

DATED: April 25, 2016

Respectfully submitted,

ROBBINS GELLER RUDMAN
& DOWD LLP
ANDREW J. BROWN
MATTHEW I. ALPERT
ASHLEY M. PRICE

s/ Andrew J. Brown
ANDREW J. BROWN

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
& DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

KESSLER TOPAZ MELTZER
& CHECK, LLP
ANDREW L. ZIVITZ
JOHNSTON de F. WHITMAN, JR.
MICHELLE M. NEWCOMER
MEREDITH L. LAMBERT
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610/667-7706
610/667-7056 (fax)

Co-Lead Counsel for Plaintiffs

WARD & WILSON, LLC
PATRICK C. COOPER
2100 Southbridge Parkway, Suite 580
Birmingham, AL 35209
Telephone: 205/871-5404
205/871-5758 (fax)

Liaison Counsel

CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 25, 2016.

s/ Andrew J. Brown

ANDREW J. BROWN

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: andrewb@rgrdlaw.com

# Mailing Information for a Case 2:12-cv-00281-VEH Rush v. Walter Energy Inc

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Matthew Isaac Alpert**
  malpert@rgrdlaw.com
- **Bruce D Angiolillo**
  bangiolillo@stblaw.com
- **Jeffrey A Berens**
  jeff@dyerberens.com
- **Jordan A Botjer**
  jbotjer@stblaw.com
- **Andrew J Brown**
  AndrewB@rgrdlaw.com
- **Patrick C Cooper**
  patrickccooper@yahoo.com
- **Diandra S Debrosse-Zimmermann**
  fuli@zarzaur.com
- **Jay M Ezelle**
  JEzelle@starneslaw.com
- **Michael Anthony Florie**
  MFlorie@starneslaw.com
- **Cole Robinson Gresham**
  cgresham@starneslaw.com
- **Meredith L Lambert**
  mlambert@ktmc.com
- **Michelle M Newcomer**
  mnewcomer@ktmc.com
- **Theodore J Pintar**
  TedP@rgrdlaw.com
- **Ashley M Price**
  aprice@rgrdlaw.com
- **Samuel H Rudman**
  srudman@rgrdlaw.com
- **Shannon P Torres**
  storres@stblaw.com
- **George S Wang**
  gwang@stblaw.com
- **James S Ward**
  jward@wardwilsonlaw.com

- **Johnston De F Whitman , Jr**
  jwhitman@ktmc.com
- **Alfred G Yates , Jr**
  yateslaw@aol.com
- **Andrew L Zivitz**
  azivitz@ktmc.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

MANUAL SERVICE LIST – OBJECTOR

Paul Merritt [Christiansen]
P.O. Box 9145
Laguna, CA 92652