FILED
2016 May-03 PM 01:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re WALTER ENERGY, INC. SECURITIES LITIGATION | ) | Master File No. 2:12-cv-00281-VEH |
| | ) | CLASS ACTION |
| This Document Relates To: | ) | |
| ALL ACTIONS. | ) | |

# FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order for Preliminary Class Certification and Settlement Approval ("Notice Order") dated November 23, 2015, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated July 15, 2015 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the matters hereto and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment and Order of Dismissal with Prejudice ("Judgment") incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all Settling Parties to the Action, including all members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finally certifies, solely for purposes of effectuating the Settlement, this Action as a class action on behalf of a Settlement Class defined as all persons and entities that purchased or otherwise acquired the publicly traded common stock of Walter Energy between April 20, 2011 and September 21, 2011, and were damaged thereby. Excluded from the Settlement Class are Walter Energy and the Defendants, Defendants' immediate families, any person, firm, trust, corporation,

officer, director or other individual or entity in which any current or former defendant has a controlling interest, and the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Settlement Class is any Person who elected to exclude himself, herself, or itself from the Settlement Class on a timely basis in response to and in accordance with the provisions set forth in the Notice sent to potential Settlement Class Members.

4. Lead Plaintiffs are hereby appointed, for purposes of effectuating the Settlement only, as Class Representatives for purposes of Federal Rule of Civil Procedure 23. Robbins Geller Rudman & Dowd LLP and Kessler Topaz Meltzer & Check, LLP, which were appointed by the Court to serve as Lead Counsel, are hereby appointed, for settlement purposes only, as Class Counsel pursuant to Rules 23(c)(1)(B) and (g) of the Federal Rules of Civil Procedure.

5. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that: (a) said Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class; (b) there was no collusion in connection with the Settlement; (c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and (d) the record is sufficiently developed and complete to have enabled the Lead Plaintiffs and Defendants to have adequately evaluated and considered their positions.

6. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons (identified in Exhibit 1

attached hereto) who have timely and validly requested exclusion from the Settlement Class, the Court hereby dismisses the Action and all Released Claims of the Settlement Class with prejudice, without costs as to any of the Released Persons, except as and to the extent provided in the Stipulation and herein.

7. Upon the Effective Date hereof, and as provided in the Stipulation, Lead Plaintiffs and each of the Settlement Class Members, other than those listed on Exhibit 1 hereto, and their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, in their capacity as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all Released Claims (including, without limitation, Unknown Claims) against the Released Persons (whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims against the Released Persons, Lead Plaintiffs and/or Plaintiffs' Counsel, except for claims relating to the enforcement of the Settlement.

8. Upon the Effective Date hereof, and as provided in the Stipulation, Defendants and each of the other Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, dismissed, and discharged Lead Plaintiffs, each and all of the Settlement Class Members, other than those listed on Exhibit 1 hereto, and their respective counsel from all claims (including, without limitation, Unknown

Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims, except for claims relating to the enforcement of the Settlement.

9. Upon the Effective Date hereof, Lead Plaintiffs and each of the Settlement Class Members, other than those listed on Exhibit 1 hereto, and their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, in their capacity as such, shall be deemed to be, and by virtue of this Judgment shall be, permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against any Released Person, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, administrative forum or other forum of any kind, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims against the Released Persons, Lead Plaintiffs and/or Plaintiffs' Counsel, except for claims relating to the enforcement of the Settlement, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release.

10. The Notice of Pendency and Proposed Settlement of Class Action given to the Settlement Class in accordance with the Notice Order entered on November 23, 2015 was the best notice practicable under the circumstances, including the individual notice to all members of the Settlement Class who could be identified through reasonable effort. Said notice provided the best notice

practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and the requirement of Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and all other applicable law and rules.

11. Separate orders shall be entered regarding the proposed Plan of Allocation and Lead Counsel's motion for attorneys' fees and payment of costs and expenses as allowed by the Court. Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

12. Neither the Stipulation nor any of its terms or provisions, nor any of the negotiations, discussions, proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used, offered or received as an admission of, or evidence of, the validity of any of the allegations in the Action or of the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used, offered or received as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, arbitration proceeding, administrative agency, or forum or tribunal in which the

Released Persons are or become parties; or (c) is or may be deemed to be or may be used, offered or received against the Released Persons as an admission, concession or evidence of the infirmity or strength of any claims raised in the litigation or the availability or lack of availability of meritorious defenses to the claims raised in the litigation; or (d) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession by or against the Released Persons that any of Lead Plaintiffs' claims are with or without merit, that damages recoverable under Lead Plaintiffs' operative complaint would have been greater or less than the Settlement Fund or that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; or (e) is or may be deemed to be or may be used, offered or received as an admission or evidence that any claims asserted by Lead Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons, Lead Plaintiffs, Settlement Class Members, and their respective counsel, may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties may file the Stipulation and/or this Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Judgment.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, costs, and expenses in the Action; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Settlement pursuant to the terms of the Stipulation.

14. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. To the extent that the Class Action Fairness Act of 2005, 28 U.S.C. §1715 ("CAFA"), requires that certain federal and state governmental officials be given notice of a proposed class action settlement, the Court finds that Defendants properly gave CAFA notice to those federal and state governmental officials and that Defendants' notice obligations under CAFA, and specifically 28 U.S.C. §1715(b), have been satisfied.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. The Court has considered the objection related to the Settlement filed by Paul Merritt [Christiansen] and Robert Richards (Dkt. No. 137), and finds it to be without merit. Therefore, the Court overrules this objection in its entirety.

19. The Court directs immediate entry of this Judgment by the Clerk of the Court.

**DONE** and **ORDERED** this 3rd day of May, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge